**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SHETANI LYENA ACKLIN,

    Defendant-Appellant.

No. 97-6244
(W. District of Oklahoma)
(D.C. No. 97-CR-14)

---

ORDER
Filed April 27, 1998

---

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

---

The order and judgment filed on March 13, 1998, contained a clerical error. The last paragraph of the order and judgment should read as follows: " The judgment of the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**." Our mandate is recalled and the mandate as amended is reissued forthwith.

Entered for the Court

PATRICK FISHER
Clerk of Court

F I L E D
United States Court of Appeals
Tenth Circuit

MAR 13 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SHETANI LYENA ACKLIN,

     Defendant-Appellant.

No. 97-6244
(W. District of Oklahoma)
(D.C. No. 97-CR-14)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has unanimously determined that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The parties' requests to submit the case on the briefs are granted,

and the case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Shetani L. Acklin entered a conditional guilty plea to possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). Acklin now brings this appeal claiming that the district court erred when it refused to grant her pretrial motion to suppress. Specifically, Acklin contends that the United States violated her rights under the Fourth and Fifth Amendments during and encounter at Will Rogers World Airport in Oklahoma City, Oklahoma. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

"When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government." *United States v. Villa-Chaparro*, 115 F.3d 797, 800-01 (10th Cir. 1997). This court accepts the district court's factual findings unless those findings are clearly erroneous. *Id.* at 801.

With that standard in mind, the relevant facts are as follows. On January 6, 1997, an Oklahoma City police officer in the Drug Interdiction Unit received information from agents of the Denver Drug Enforcement Unit concerning a person believed to be carrying illegal drugs on a flight out of Denver, Colorado. The Denver drug enforcement officers advised the Oklahoma City Division that a female by the name of Shetani Acklin had purchased a one-way ticket from California to Oklahoma City by way of Denver. Drug enforcement officers were provided with a description of the female suspect.

-2-

Officers arrived at the airport in Oklahoma City and observed an African-American female exit the flight out of Denver as described by the drug enforcement officer. Officers followed Acklin through the concourse of the airport, down to the lower level, and outside the doors. At that time Officer David Rivers approached Acklin, identified himself as a police officer, advised her that she was not under arrest, and asked to speak with her. Acklin consented. Officer Rivers asked to see her airline ticket as well as any identification. Acklin produced her airline ticket and a California ID which had the name Shetani Acklin. Acklin advised Officer Rivers that she was here to visit her grandmother.

Officer Rivers then advised Acklin that he was a drug interdiction officer and asked if she was carrying any drugs. Acklin said no. Officer Rivers asked Acklin if his partner could look in her luggage and purse; she agreed. No drugs were found in the luggage or purse. While Officer Rivers was looking through the purse, he continued question Acklin about her trip to Oklahoma City. Acklin informed Officer Rivers that she did not know her grandmother's address or phone number.

During his conversation with Acklin, Officer Rivers noticed a bulge in Acklin's abdominal area. At that time Officer Rivers stated that people sometimes carry drugs on their person, and asked Acklin if she was carrying drugs on her. She said that she was not. Officer Rivers asked if the female officer who

was accompanying him could conduct a pat-down search to make sure there were no drugs. Acklin replied that she didn't want anyone touching her. At that point Officer Rivers said, "You have drugs on you, don't you?" Acklin nodded her head and said yes. At that point Acklin was arrested and advised of her *Miranda* rights.

After Acklin was indicted on drug charges, she brought a motion to suppress both the drugs confiscated at the airport and the statements she made to the officers during the encounter at the airport. Acklin argued she was "arrested" at the time the officers first approached her in the airport and the officers had no probable cause to make an arrest at that time. As the basis for this assertion, Acklin pointed to grand jury testimony of several officers that they held a subjective but unexpressed belief they had sufficient probable cause to hold Acklin based on the drug profile information. Acklin further argued that because she was placed under arrest at the time the officers first approached her, the encounter was custodial in nature and she was entitled to *Miranda* warnings. As the officers did not read Acklin her *Miranda* rights, she contended all statements made to the officers during the encounter had to be suppressed.

The district court flatly rejected Acklin's contention that she was seized by the officers at some point before she admitted she was carrying drugs. Ruling from the bench, the district court found and held as follows:

-4-

Well, as we all know, the issue before the Court is whether the Fourth Amendment is violated by this stop in the airport and whether or not the stop amounted to a seizure of the defendant's person such that either probable cause or an arrest warrant would be necessary for such a seizure.

Well, it's my finding that this was a consensual stop. Defendant was in a public place with many people coming and going. She was advised by the officer that--I find she was advised by the officer that she was not under arrest, that she was free to go. I don't know what more he could have told her. He was not in uniform-- none of the police officers were in uniform. There were no weapons drawn. There's no evidence of any kind of coercion. No intimidation. She was not arrested until such time as she told the police officers that she did, in fact, have drugs on her, and the fact that one or more of the police officers, in their mind, had concluded that hey had probable cause, and perhaps they didn't, does not change the fact that this had not been conveyed to the defendant, and the defendant was, for all intents and purposes--not for all intents and purposes, but was free to leave, in her own mind, or should have been free to leave, in her own mind, from what had been conveyed to her.

So I am going to overrule the motion to suppress and that will be the order of the Court.

Applt. App. at 8-9.

On appeal, Acklin continues to assert, based solely on the uncommunicated subjective mind set of the officers, that the encounter at the airport constituted a seizure. As noted by the United States, Acklin has seriously misapprehended the controlling precedent in this area. This court has previously summarized the law applicable to Acklin's claims as follows:

> The Fourth Amendment protects citizens from unreasonable searches and seizures by government actors. *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921). Not all interaction between a police officer and a citizen involves a seizure, however. *Florida v. Bostick*,

-5-

501 U.S. 429, 434 (1991). A seizure occurs only when a police officer, "by means of physical force or show of authority . . . in some way restrain[s] the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). The proper inquiry is an objective one: "[a]s long as a reasonable innocent person, as opposed to a person knowingly carrying contraband, would feel free to leave, such encounters are consensual and need not be supported by reasonable suspicion of criminal activity." *United States v. Laboy*, 979 F.2d 795, 798 (10th Cir. 1992). The subjective intentions or state of mind of either the defendant or police is irrelevant to Fourth Amendment analysis. *Whren v. United States*, 116 S. Ct. 1769, 1773-74 (1996); *United States v. Madrid*, 30 F.3d 1269, 1276 (10th Cir. 1994).

*United States v. Sanchez*, 89 F.3d 715, 717-18 (10th Cir. 1996). Accordingly, it is clear that the officers' unexpressed subjective beliefs are irrelevant to the question of whether the encounter with Acklin constituted a seizure.

Because Acklin's argument on appeal is based entirely on the subjective state of mind of the officers and because the unchallenged factual findings of the district court amply support the conclusion that a reasonable person in Acklin's position would have felt free to leave at any point during the encounter, we affirm the district court's conclusion that the encounter between Acklin and the officers was consensual. Thus, the protections of the Fourth Amendment were not implicated during the encounter. *United States v. Ward*, 961 F.2d 1526, 1529 (10th Cir. 1992) (holding that "voluntary encounters, which are not seizures[,] do not implicate the Fourth Amendment").

Our conclusion that Acklin's consensual encounter with Officer Rivers did not amount to a seizure also disposes of Acklin's *Miranda*-based Fifth Amendment claim. *See United States v. Glover*, 104 F.3d 1570, 1578 (10th Cir. 1997) (holding that defendant is not in custody for purposes of *Miranda* warnings unless objective person standing in defendant's position would reasonably believe her freedom of movement had been curtailed to a degree associated with formal arrest).

The judgment of the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge